AO 243 (Rev. 01/15)

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 12 2021
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name *(under which you were convicted):* Bobby Nelson Collins | Docket or Case No.: 7:17-cr-00033 |
| Place of Confinement: FCI Cumberland | Prisoner No.: 06311-084 |
| UNITED STATES OF AMERICA  V.  Bobby Nelson Collins, Jr. | Movant *(include name under which convicted)* |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Western District of Virginia Roanoke Division

   (b) Criminal docket or case number (if you know): 7:17-CR-00033

2. (a) Date of the judgment of conviction (if you know): MARCH 9 2020

   (b) Date of sentencing: MARCH 6 2020

3. Length of sentence: 144 MONTHS

4. Nature of crime (all counts):

   (1) 21:841A = CDF Controlled Substance - Sell, Distribute or Dispense 21:841(a)(1)[Heroin]
   (2) 21:841A = CDF Controlled Substance Sell, Distribute, or Dispense 21:841(a)(1)(b)(1)(c) Heroin Aid & Abet
   (3) 21:841A = CDF Controlled Substance Sell, Distribute, or Dispense 21:841(a)(1)(b)(1)(c) Heroin
   (4) 18:922 G.F Unlawful Transport of Firearms, etc - 18:922 (g)(1) And 924(e) Ph. in possession of Firearm

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Count (3) 21:841A Distribution of Heroin on 2-15-17

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☑    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☐

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): _____
      (2) Result: _____
      (3) Date of result (if you know): _____
      (4) Citation to the case (if you know): _____
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: *United States District Court for the Western District of Virginia Roanoke*
        (2) Docket or case number (if you know): *7:17-cr-00033*
        (3) Date of filing (if you know): *11-16-2020*
        (4) Nature of the proceeding: *Motion for Compassionate Release First Step Act*
        (5) Grounds raised: *Being a high risk person to contract Covid-19*

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☑

(7) Result: _Have as of yet to recieve any responce._

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐  No ☐
(2) Second petition: Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** _Ineffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

[ See attachment ]

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐　　No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐　　No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐　　No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐　　No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐　　No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:** _Prosecutorial Misconduct by Ms. Ashley Neese_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

[See attachment]

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
　　Yes ☐　　No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
　　Yes ☐　　No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** District Court accepted invalid plea and did not determine drug weight in scope of distribution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The sentencing range of 0-to-30 years, should be 0-to-20 years probation of (3) years instead of (6) years. Judge should have determined what was personal use drugs outside of the scope of distribution.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

(3)　Did you receive a hearing on your motion, petition, or application?
　　　Yes ☐　　No ☐

(4)　Did you appeal from the denial of your motion, petition, or application?
　　　Yes ☐　　No ☐

(5)　If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
　　　Yes ☐　　No ☐

(6)　If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7)　If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.　Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All of the above have not been previously presented. I did not know what to do. Nor do I know now what to do.

14.　Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?　　Yes ☑　　No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

I am petitioning the Western District of Virginia for a compassionate release 3582, for extraordinary and compelling reasons due to covid-19 and me being a high risk person, with health risks and medical conditions.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:

    Christopher K. Kowalezuk P.O. Box 11971 Roanoke Va. 24022

    (b) At the arraignment and plea:

    James C. Turk 1007 East Main St. Radford Va. 24141

    (c) At the trial:

    (d) At sentencing:

    James Clinton Turk Jr. 1007 East Main Street Radford Va. 24141

    (e) On appeal:

    (f) In any post-conviction proceeding:

    Brooks Alexander Duncan FPD 210 First St. SW suite 400 Roanoke Va. 24011

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    Please consider that I have been in some form of lock down since 4-28-20, I have not had adequate time to research nor utilize the law library and its material, due to Covid-19 restrictions and policy in the B.O.P.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

*Vacate and remand sentence;*
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __3-8-2021__ .
(month, date, year)

Executed (signed) on __3-8-2021__ (date)

*Bobby Nelson Collins*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## GROUND ONE

**(INEFFECTIVE ASSISTANCE OF COUNSEL)**-supporting facts;

Mr. Turk allowed Collins to sign a plea agreement that was incorrect. The agreement used two prior convictions for conspiracy that enhanced the statues range from 0-20 to 0-30 years. Conspiracy categorically is not a drug offence to my knowledge.

Mr. Turk refused to withdraw the plea agreement after Collins became aware of Ms. Neese's removal from the case. Ms. Neese was an assistant for the United States attorney's office who according to court record was removed by United States district judge Moon in the case she prosecuted United States v. Burns, for withholding exculpatory evidence. This information was withheld from Collins by Mr. Turk had he had this knowledge prior to he would have sought to go to trial. With this information Collins could have made an intelligent and knowing plea.

Mr. Turk stipulated to the drug weight in which majority of was for personal use. To my knowledge personal use is outside of the scope of distribution and should not have been used in relevant conduct. This was and is a decision for the district court, which according to the plea is and was an argument to be had at sentencing.

Mr. Turk told me I wouldn't receive no more than sixty months on my sentence. Mr. Turk told this to my family and had them in expectation of me doing less time than this twelve-year sentence.

Mr. Turk did not object to the indictment being handed without the drug weight being presented to the grand jury being to my knowledge is an element of the charged distribution.

Mr. Turk did not investigate any of my witnesses for pre-trial motions, nor did he put Ms. Saunders on the witness stand at sentencing, even though she was subpoenaed and present in the court house the day of Collins' sentencing. Ms. Saunders was a witness to the fact of what happened the day the alleged threat of violence occurred, which in turn caused the district court to enhance Collins' base offence level by two points. Whereas if the witness was able to speak to the situation the district court would have been able to adjudicate its decision fairly and fundamentally.

Mr. Turk withdrew my objections that I filed to the district court pertaining to the presentence report. (In which is on file in this district court and should be added to this motion.)

Mr. Turk did not file for an appeal to the sentencing being he is to render competent assistance and service to his clients to my knowledge. Clearly the issues at hand before the courts remain.

Mr. Turk did not file the requested pre-trial motions such as a franks hearing, suppression, and Miranda issues all of which could have changed the outcome of the decision to plea instead of going to trial. Had Collins known and intelligently gathered this information prior to he would have clearly been able to make an informative decision concerning either going to trial or accepting a plea deal.

Mr. Turk rendered me ill advice in having me plead guilty after the facts of Ms. Neese's involvement in the Burns case. Had I known the facts of that issue I would have never gotten into any type of plea negotiations with Ms. Neese. Had Mr. Turk done pre-trial investigations he would have been able to render me sound advice concerning this matter and I could have made the choice to either plead guilty intelligently or not. I did not have proper advice from my attorney he should have advised me to the Burns case and the involvement of Ms. Neese. This is totally unfair to me because Ms. Neese was the prosecutor whom questioned the witnesses at the grand jury. She was the prosecution whom sought the indictment prior to the criminal complaint. Mr. Turk knew this and did nothing to enlighten his client of this wrong and fundamentally unfair practice done by the prosecution specifically Ms. Neese.

Mr. Turk could see the different statements given by the grand jury witnesses by whom Ms. Neese put on the stand to testify. Mr. Turk did not move to strike the indictment and in turn render Collins ill advice in signing a plea agreement that had severely issues.

Mr. Turk did not bring forth the unsigned statement of facts. I objected to the signing of the statement of facts at the plea hearing, there was and still remains issues that are not true in the governments evidence. The district court hearing the plea stated that we would revisit the statement of facts at a later date according to what Mr. Turk told me.

Mr. Turk did not bring this to light in the district court prior to sentencing, this issue to me would have changed the outcome of the bargaining power and the sentencing range. This issue should have been brought to the district court to render its decision.

Mr. Turk did not appeal the district court's ruling on the motion to suppress or have a frank's hearing. I clearly requested for this to be done prior to the plea colloquy.

Mr. Turk withdrew my motion for the issuance of subpoena for the videos and papers held in the Roanoke City Jail, pertaining to Miranda. The videos would have shown that I invoked my sixth amendment rights.

Mr. Turk did not file for the footage taken a New River Regional jail, in which I was questioned after invoking my sixth amendment rights to attorney. This would have been used to change the outcome of my trial, I would have been able to present this to

properly safeguarded. Mr. Turk neglected his duty in representing Collins as his client in this regard. Mr. Turk did not investigate the matters that would have produced evidence that would have given Collins a fighting chance at trial. This is not fair, I am not trained at law nor did I study criminology and I am laymen to the laws and rules and regulations.

Finally, the record amply supports a finding that Collins' counsel did not act within the range of competence demanded of attorney in criminal cases, because he did not consult with him on matters about which consultation is required and failed to inform him of basic rights relevant to his plea. It follows that because of counsel's ineffectiveness and the fact that Collins' guilty plea flowed from counsel's ineffectiveness his plea was given unknowing and involuntarily and must be deemed invalid. Failure to conduct any preliminary investigations into the facts of Collins' case and pursue and execute pre-trial motions that would have produced exculpatory evidence before advising him to plead guilty. Collins contends that his lawyer failed to conduct a reasonable and independent investigation of his role in the offenses charged. Counsel unduly relied on factual information compiled by the government and failed to purse several pre-trial motions that would have yielded information contravening to the governments relevancy of the scope of the charged distribution.

**GROUND TWO**

**(PROSECUTORIAL MISCONDUCT)**-supporting facts;

Ms. Ashely Neese was allowed to sequester grand jury

Lead the witnesses at the grand jury in which after she had been removed from the BURNS case by HONORABLE JUDGE MOON for withholding exculpatory evidence. This is an act of prejudice in that case that has caused me to feel it could have also affected her ability to be fair and fundamental. The United States Attorney's office is to be honest and unbiased in its efforts to render justice. Ms. Neese's prior offence in the BURNS case would lead a normal person to believe she is not honest or at the least fundamentally fair when performing her duties.

Ms. Neese was abruptly removed from my case because according to the Roanoke Times newspaper she was involved in egregious behavior. This is a prejudice to me and should have been address in the district court to my knowledge.

Ms. Neese's behavior leads me to believe she prejudiced the grand jury in my indictment process by allowing people to be placed on the grand jury as witnesses against Collins prior to the criminal complaint and used that evidence in a case that had not been committed at that time. These issues should not be allowed and they seem to be fundamentally unfair to my knowledge.

Bobby Nelson Collins Jr. #06311-084
Federal Correctional Institute
P.O. Box 1000
Cumberland, Md.
21501



received
MAR 6 2021
FCI CUM
Mailroom

LEGAL MAIL



Clerk's Office, United States District Court
Western District of Virginia
10 Franklin Road, SW suite 540
Roanoke, Va.
24011-2208