In the United States District Court
For the Western District of Virginia
Roanoke Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 28 2021

JULIA C. DUDLEY, CLERK
BY: A Beeson
DEPUTY CLERK

United States of America

v.                                    Criminal No. 7:17-CR-00033

Bobby Nelson Collins

## Supplemental 2255 motion

Comes now the defendant BOBBY NELSON COLLINS pro se, Requesting this Honorable Court to accept defendants addendum to defendants 2255 motion filed. Defendant would like to supplement the following:

1. Drug weight is an element of the crime that must be included in the indictment

Defendants drug analysis was rendered to the grand jury. In which the amount was less than (3) grams of heroin. [REFER TO THE ANALYSIS]

(CONT.)

    Defendants attorney did not object to the increase of drug weight attributed to defendants distribution case. Defendants base offense level would have started off at a level (12).

    Defendant stated his objection to the statement of facts that the United States Attorney Assistant Ms. Neece attempted to introduce at defendants plea allocquy. Defendant did not sign the statement of facts paper. [REFER TO THE TRANSCRIPT OF THE HEARING]

    Defendant recieved additional drug weight and a different substance outside of the drug analysis rendered to the grand jury for indictment. Neither of these issues were proven beyond a reasonable doubt, nor were they presented in the indictment, but adopted as facts by the presentence report. Making the defendants civil rights voided and of no effect. Innocent til proven guilty, all charges needing to be brought to a grand jury prior to indictment. Both of these issues enhanced defendants punishment, rendering defendants due process protection non-expistant. Defendants counsel did not object to this. Defendant was not charged with any of the conduct...

(cont.)
he recieved additional punishment for. Defendants attorney allowed for this injustice to continue throughout the trial proceedings. Defendants attorney did nothing to protect the civil rights of his client. Had defendants attorney objected, this court could have rendered its adjudication.

2. The scope of distribution shall not include personal use drugs. This drug weight is to be excluded. Personal use drugs are not in the same course of, scheme of, distribution

The present report elaborated on defendants drug addiction. The present report presented evidence that has not been proven but adopted as facts. The evidence presented in this report does not state for the majority of drugs, what was personal use drugs and what was in the scope of the distribution and preseeable for such. Defendants counsel did not raise this objection at sentencing, but stipulated to the adopted drug weight. The plea agreement states that the drug weight would be argued at sentencing...

(cont.)
had this contract been adhered to the Honorable court would adjudicated and made the decision of what was personal use drugs and excluded that from the distribution lowering defendants base offense level. This issue had a great affect on defendants base offense level. Had the court adopted the drug analysis presented to the grand jury for indictment defendants base offense level would have started at level (12). Defendant objected to the presentence report. [ PLEASE REFER TO DEFENDANTS LETTERS AND OBJECTIONS ]

Personal use drugs are not the same scope nor scheme of distribution. In the defendants case the perpondance of the drug evidence given in the adopted pre-sentence report was given by Mr. Derrico Saunders outside of a court of law. Mr. Saunders states he knows of defendants drug addiction. Mr. Saunders does not state what portion of drugs defendant used for personal drug use nor does Mr. Saunders state the drugs were distributed. But the adoption of this presentence report, applied the drug weight given by Mr. Saunder toward the scope of distribution. Defendants counsel did not object to this, nor protect his client.

Defendants attorney filed for the proper drug weight in the sentencing memorandum. Counsel for the defendant shows at one point counsel was in favor of providing and rendering effective assistance. Then at sentencing counsel for the defendant breached the plea agreement by failing to argue the drug weight as agreed to. This reversal in defense counsels stance left the defendant in uncharted territory, and in an unintelligent, unknowing and incompleted plea agreement. Therefore to the defendants understand the defendants plea agreement is invalid and incompleted as it stands.

Understandably, sentencing ranges are advisory. Had these issue(s) been placed before this Honorable Court to adjudicate, defendant base offense level would have been arguably lower. The starting point for this court to start as a guide range would have been a range that did not cap off at 161 months and defendant would have recieved less than the 144 months he recieved.

These issues to the defendant seem to make his counsels assistance below the standard needed to be inorder to have rendered effective assistance.

Defendant objected to the PSR, defendant never signed the statement of facts the government tried to introduce at the plea hearing, and the defendants sentencing memorandum reflects the stance defendant has toward his sentencing. The defendants counsels reversal in stance shows counsels rendering of a double sided ineffective position, titter-tottering his work and ethics, unstable in his effectiveness rendered to his client.

Defendant asks this court to re-sentence him starting from the correct guidelines, using the drug weight and chemical analysis presented in the grand jury indictment. Defendant has the right to effective assistance of counsel, had counsel been stable in his defense, the personal use drugs would have been subtracted, and the drugs different than what was presented in the indictment would have been objected to and excluded from use at sentencing in accordance with PROMISE and APPRENDI.

Defendant is not a trained lawyer or legal expert, but merely a laymen to the law and legal system. Defendant request this Honorable court see that and render him the governing of its legal assistance in this motion.

## Certificate of Service

I BOBBY NELSON COLLINS Jr. pro se, swear that a true copy of the above motion has been sent this 22nd day of June, 2021 via United States Postal service to the Clerk of Court 210 Franklin Rd. RM 540 Roanoke, Va. 24011.

Please forward copies to all entities in this matter. 7:17-CR-00033

Respectfully Submitted

*[signature]*

BOBBY NELSON COLLINS Jr.

Bobby Collins # 06311-084
Federal Corrections Institute
P.O. Box 1000
Cumberland, Md.
21501

Clerk of C
210 Fran
Roanoke,



~~Courts~~

~~hlin Rd., RM 540~~

~~Va.~~

~~24011~~

LEGAL
MAIL