**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.    7:17-cr-00033 |
| | : | |
| BOBBY NELSON COLLINS, JR. | : | |

### UNITED STATES' MOTION TO DISMISS IN RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

The United States of America, by counsel, hereby files this Motion to Dismiss in response to Petitioner's motion for relief under Title 28, United States Code, Section 2255.   Petitioner, Bobby Nelson Collins, Jr. ("Collins") has failed to allege any facts which entitle him to relief or to a hearing, making his petition ripe for summary disposition, with prejudice.

### INTRODUCTION

Collins was convicted by guilty plea in April 2018 of one count of heroin distribution, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).   His case was part of a larger conspiracy involving numerous defendants responsible for widespread drug and firearms activity in the Roanoke Valley.

Collins asks this Court to vacate and remand his case for resentencing on several grounds, including ineffective assistance of counsel; prosecutorial misconduct by an AUSA formerly assigned to the case; and, ostensibly, error in the drug weight and related sentencing determinations by the Court. As the Government understands his petition, Collins seeks resentencing on the following grounds:

1

(1) that the trial court, independently of defense counsel, erroneously calculated (i) the drug weight attributable to Collins and (ii) his maximum statutory sentence;

(2) that defense counsel failed to move to strike the indictment, which Collins claims was defective because it alleged a different drug weight and/or drug than that for which Collins ultimately was held responsible at sentencing;

(3) from a strategic perspective, that defense counsel declined to file motions Collins wanted to file and to pursue PSR objections and subpoenas Collins wanted to pursue;

(4) that defense counsel, like the Court, failed to object to the drug weight calculation and maximum statutory sentence attributable to Collins;

(5) that defense counsel failed to advise Collins of facts related to an AUSA assigned to the case; and

(6) that defense counsel failed to file a notice of appeal of the Court's ruling on a motion to suppress.

Collins' arguments are unsupported by the record.   His petition for relief should be denied without a hearing because (1) the erroneous sentencing argument is barred expressly by the terms of his plea agreement; (2) his claims are non-cognizable and suffer from procedural default; and because (3) his claims are refuted by the record and do not rise to the level of constitutionally defective performance under the familiar *Strickland* standard.

## RELEVANT FACTS

Collins was charged in this case initially by a criminal complaint alleging violation of the federal drug laws.   ECF No. 1.   The complaint alleged that, within the span of five days between February 10 and February 15, 2017, investigators made three controlled purchases of heroin from Collins in the City

2

of Roanoke.   *Id.* at 2-3.   During the second purchase, Collins enlisted the assistance of an associate, "Sarah," for the buy, who handed the drugs to the informant while Collins was present.   *Id.* at 2.   A federal grand jury subsequently returned an indictment against Collins on April 27, 2017, charging him with the three controlled heroin sales that had taken place in February 2017, as described in the criminal complaint (Counts One through Three) and unlawful possession of a firearm by a convicted felon (Count Four).   ECF No. 13.

On April 11, 2018, Collins entered a guilty plea to Count Three of the indictment, pursuant to a signed plea agreement.   ECF Nos. 95, 96.   This count corresponded to Collins' sale of heroin to a confidential informant on February 15, 2017.   ECF No. 13.

Because of his criminal conviction history, the plea agreement contemplated that Collins might be a career offender under the sentencing guidelines, as determined by the Court.   ECF No. 95 at 4. Ultimately, the parties agreed at the time of sentencing that Collins was not, due to the Fourth Circuit's holding in *United States v. Whitley,* 737 Fed. Appx. 147 (4th Cir. 2019).   ECF Nos. 137, 143. Regardless, Collins stipulated that he had received final convictions for two, potentially qualifying predicates under 21 U.S.C. § 851, both consisting of conspiracy to possess with the intent to distribute controlled substances.   ECF No. 95 at 3.   One was a prior federal drug conviction; the other, a state conviction out of Wise County/City of Norton, in Virginia.   *Id.*   The stipulations corresponded to convictions referenced by the Government in its § 851 notice of enhancement, filed on October 30, 2017.   ECF No. 67.

The parties left drug weight in the plea agreement open, with the standard caveat that the ultimate sentence and guidelines determination would be made by the Court.   ECF No. 95 at 3-4. Significantly, as it related to the guidelines determination, Collins stipulated and expressly agreed in the

3

plea agreement that "all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing."   *Id.*   Pursuant to the plea agreement, Collins also waived his right to appeal, and to collaterally attack his sentence on any ground other than ineffective assistance of counsel.   ECF No. 95 at 9.   The Court confirmed each of these and additional plea terms at his guilty plea hearing on April 11, 2018.   As it relates to Collins' assertion that he instructed his attorney to file a notice of appeal, the appellate waiver in his plea agreement provides as follows:

> Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. §
> 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence
> on those grounds or on any ground. In addition, I hereby waive my right of appeal as to
> any and all other issues in this matter and agree I will not file a notice of appeal. I am
> knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am
> explicitly and irrevocably directing my attorney not to file a notice of appeal.
> *Notwithstanding any other language to the contrary, I am not waiving my right to appeal
> or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by
> law.* I understand the United States expressly reserves all of its rights to appeal. I agree
> and understand if I file any court document (except for an appeal based on an issue
> that cannot be waived, by law, or a collateral attack based on ineffective assistance of
> counsel} seeking to disturb, in any way, any order imposed in my case such action ,
> shall constitute a failure to comply with a provision of this agreement.   ECF No. 95 at 9.

The case ultimately was set for sentencing on March 6, 2020 and a Presentence Report (PSR) correspondingly issued.   Based on his prior record and the fact that he committed the instant offenses while under another criminal justice sentence, his criminal history score was 17, resulting in a criminal history category of VI.[1]   PSR ¶ 87.   This was true regardless of whether he qualified as a career offender under the guidelines.   *See* PSR ¶¶ 87-88.

---

[1] Probation determined that Collins had 19 adult convictions and three juvenile adjudications on his record at the time of sentencing.   PSR ¶¶ 62-84.   He also had three then-pending criminal charges, for drug possession, driving on a suspended license, and failure to register as a sex offender.   PSR ¶¶ 90-92.   Finally, Roanoke County lodged a detainer against Collins for misdemeanor assault and battery, based on his involvement in a physical altercation at the Western Virginia Regional Jail while incarcerated pretrial on his instant federal charges.   PSR ¶ 93.

Because the Court and parties determined that Collins was not a career offender, his offense level was lower than it otherwise would have been.   *See* U.S.S.G. § 4B1.1(b).   Based solely on drug weight, Probation calculated a base offense level of 26, rather than the level 32 and higher that normally applies in career offender drug cases.   PSR ¶ 50.   And this drug weight estimate was conservative, in Collins' favor.   Because witness statements made it difficult to guard against the risk of double-counting, Probation held Collins accountable for only 409 kilograms of converted drug weight.   PSR ¶ 43.   This figure consisted of the four ounces of methamphetamine Collins admitted to distributing; the heroin Derrico Saunders stated Collins had purchased over a one-month period; and the fentanyl Collins sold to an informant on February 14, 2017.   *Id.*   Additional evidence laid out over approximately 30 paragraphs of Collins' PSR was disregarded for drug weight purposes, to ensure the base offense level was calculated "in the light most favorable to the defendant."   PSR ¶¶ 10-43.   The resulting guideline range after acceptance of responsibility was 130 – 162 months.[2]   PSR ¶ 132.   The Court sentenced Collins to a term of incarceration of 144 months, in the middle of the range, and a six-year term of supervised release.   ECF No. 145.   Judgment was entered in the case on March 9, 2020.   *Id.*

Collins has filed two *pro se* motion for compassionate release in this case based on concerns about COVID-19, the first on January 25, 2021 and the second on April 5, 2021.   ECF Nos. 161, 174. The Government has opposed both motions, in part on the ground that Collins had declined vaccination for the illness he fears.   ECF Nos. 165, 182, 189.   The Court has not ruled yet on these motions.

Collins filed the instant petition to vacate or remand sentence on March 12, 2021, which the Government does not dispute is timely.   With leave of Court, he filed a supplement to the petition on

---

[22] Collins received a two-level enhancement for possessing a firearm in connection with his offense, and another two-level enhancement for related, violent behavior, both of which factored into his guidelines sentencing range. PSR ¶¶ 51-52.

June 28, 2021.   ECF No. 190.   Both his initial and supplemental petitions should be denied for the reasons set forth below.

## STANDARD OF REVIEW

After conviction and exhaustion of appeals, the Court is "entitled to presume that [a defendant] stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982).   In order to overcome this presumption and obtain relief on a motion under 28 U.S.C. § 2255, a defendant must establish an error of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 233 & n.7 (5th Cir. 1991) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).   The alleged error of law or fact must amount to a fundamental defect which inherently results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).   No such fundamental defects exist in Collins' case, as discussed more fully below.

## ARGUMENT

Collins' petition should be denied because he fails to allege sufficient facts in support of his claims.   Collins' petition should be denied because it lacks a sufficient factual basis.   The skeletal accusations Collins makes are conclusory in nature, irrelevant to the factual and legal sufficiency of his sentence, and provide no adequate explanation of the reasons he is entitled to resentencing.   He points to no law or evidence in the record to suggest that the sentencing analysis in his case was legally or factually infirm or that counsel in this case – at any stage of the proceeding – did anything other than support and argue for a sentence consistent with his signed plea agreement.   His failure to allege even the barest facts or legal standards in support of his claims for relief is fatal and warrants dismissal of his instant petition without further investigation by the Court. *United States v. Dyess,* 730 F. 3d 354, 359 (4th Cir. 2013) (observing well-settled rule that "vague and conclusory allegations contained in a S 2255

petition may be disposed of without further investigation by the District Court"); *see also LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof ... on a § 2255 petition belongs to the petitioner"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (holding that "[c]onclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (holding that if "claims are stated in the forms of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient").

Collins' claims of sentencing error by the Court are non-cognizable.   Collins argues that the Court erred at sentencing in two ways – by accepting Probation's assessment of drug weight, without accounting for what he claims was an unspecified amount of personal use narcotics; and by finding that he was subject to a statutory maximum sentence of 30 years' incarceration and six years of supervised release on Count Three, based on one or more predicate convictions, rather than a term of incarceration of 20 years and three years of supervised release.   21 U.S.C. §§ 841(a)(1) and (b)(1)(C).   He requests resentencing at an offense level corresponding solely to the drug weight charged in the indictment.

However, Section 2255, "by its terms, does not allow for a court's consideration and correction of every alleged sentencing error."   *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).   The statute provides for limited avenues of relief, in situations involving defects of constitutional and jurisdictional weight.   *Id.* It is a "remarkably high bar," met "only when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"   *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Thus, "if an alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a

complete miscarriage of justice." *United States v. Foote,* 784 F.3d at 936; *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999).   Accordingly, Section 2255 generally provides no relief, even in the face of an alleged sentencing error, to a defendant who received a sentence within the statutory maximum.   *United States v. Link*, No. 1:14-CR-76, 2016 WL 5928807, at *7 (E.D. Va. Oct. 11, 2016).

Collins' sentence was well within these limits.   His sentencing range as calculated by Probation was 130-162 months.   The Court sentenced him to a term of incarceration of 144 months, below a statutory maximum sentence of even twenty years.   The distinction between a maximum term of incarceration of 20 or 30 years is therefore immaterial in this context; Collins was sentenced to serve just 12 years, based on guidelines below either prescribed maximum.   His six-year period of supervised release was also within the Court's statutory authority.   Collins cannot establish from these facts that there was any error in the sentencing analysis resulting in a miscarriage of justice that would warrant any type of collateral review.   *Motley v. United States*, No. 1:10-CR-00056-MR-1, 2013 WL 153386, at *3 (W.D.N.C. Jan. 15, 2013).

<u>Collins' claims of sentencing error are procedurally defaulted.</u>

An issue may not be raised for the first time on collateral review unless the defendant can show cause for the procedural default and actual prejudice resulting from the error, or can "demonstrate that a miscarriage of justice would result from refusal of the court to entertain a collateral attack."   *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999); *see also United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994).   This is true for issues to which no objection was raised in the district court and for grounds for appeal which were not raised on direct appeal.   *See United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (issue of error in jury instruction

defaulted for failure to object at trial); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (ground for appeal defaulted when not raised on direct appeal).

Collins alleges in his petition that the Court erroneously applied the sentencing guidelines in calculating his offense level based on drug weight, and miscalculated his statutory maximum sentence. These non-constitutional issues should have been raised on direct appeal; they are not properly before this Court on collateral attack.   His failure to raise these issues on appeal, notwithstanding the express waiver in his plea agreement, constitutes procedural default.   *Jones v. United States* No. 1:13-CR-284, 2016 WL 1367151, at *3–4 (E.D. Va. Apr. 5, 2016) (quoting *Mustapha v. United States*, 2005 WL 1667682, at *5 (E.D. Va. June 10, 2005)).[3]

He cannot excuse his procedural default because he has made no attempt in the petition to do so. To bring a procedurally defaulted claim, Collins must show both cause excusing his procedural default and actual prejudice resulting from the errors of which he complains. *United States v. Maybeck*, 23 F.3d at 891.   If he cannot demonstrate actual prejudice, the Court is not required to consider whether adequate cause has been shown.   *United States v. Frady*, 456 U.S. at 168.

---

[3]  Extraordinary circumstances involve errors of constitutional and jurisdictional magnitude, and not misapplication of the guidelines. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *see also United States v. Mikalajunas*, 186 F.3d 490, 495–496 (4th Cir.1999) ("[M]isapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."); *Scott v. United States*, 997 F.2d 340, 341 (7th Cir.1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255").   As the Fourth Circuit reasoned:

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated. Moreover, the Federal Rules of Criminal Procedure now plainly set out the procedure that must be used for challenges to presentencing reports and sentencing procedures.  *Mustapha v. United States*, No. CRIM.A. 302CR096JRS, 2005 WL 1667682, at *5 (E.D. Va. June 10, 2005)

9

To establish prejudice, Collins must show more than "just the 'possibility of prejudice.'" *United States v. Frady*, 456 U.S. at 170   The error must have resulted in an "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*   The burden on a defendant to prove prejudice justifying collateral relief is "significantly higher" than it would be to prove error on direct appeal.   *Id.* at 166.

Collins has not presented any evidence to show either cause or prejudice.   He offers no evidence or other excuse indicating why he failed to raise these non-constitutional issues on appeal.   Therefore, Collins may not raise these issues in this collateral proceeding.

Moreover, even if these issues were subject to the court's review, Collins' claims are not supported by the record.   The relevant statute in this case provides for a maximum sentence of 30 years where a defendant has a prior, final conviction for a "felony drug offense."   21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).   The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs" and other substances.   21 U.S.C. § 802(44). This provision has been held to include state drug conspiracy convictions.   *See, e.g. United States v. Crawley,* 760 Fed. Appx. 241, 243 (4th Cir. 2019); *United States v. Morrison,* 364 Fed. Appx. 33, 35-36 (4th Cir. 2010); *United States v. Johnson,* 2021 WL 2379474 at *2 (D.S.C. Jun. 10, 2021).

In this instance, Collins has been convicted of conspiracy at both the state and federal level, as noticed by the Government in its § 851 information and as stipulated by Collins in his plea agreement. Accordingly, although he suffered no prejudice either way, the record supports the Court's determination that Collins was subject to a statutory maximum sentence of 30 years.

Nor does the record support Collins' assertion that the Court erred in finding a base offense level of 26 for approximately 409 kilograms, conservatively, of converted drug weight.   It was within the Court's discretion to weigh available evidence in making this determination.   As indicated by Probation in the PSR, the drug weight calculation was conservative, based on amounts to which Collins admitted during a voluntary interview, amounts seized in connection with his sales of narcotics to an informant, and the amount of heroin he was alleged to have received over a one-month period.   PSR ¶ 43.   A number of additional witnesses testified or provided statements indicating that Collins was a regular source of supply in greater total amounts.   PSR ¶¶ 10-42.   The Court was entitled to consider all such evidence as set forth in the PSR.   Collins acknowledged as much in his plea agreement, stipulating that all matters pertaining to the counts of the indictment would constitute relevant conduct for sentencing purposes. ECF No. 95 at 4.

Conversely, there is no evidence in the record to suggest that Collins' drug acquisitions were for personal use, as he suggests in his instant petition.   Multiple witnesses highlighted Collins' status as a long-term drug dealer; there is no indication he was buying for personal use.   His involvement in federal drug conspiracies goes as far back as 1997 –approximately twenty years before his criminal conduct in this case.   Despite this history, investigators made three controlled purchases from Collins in 2017 within a single, five-day stretch.   He subsequently admitted obtaining both heroin and methamphetamine for distribution purposes, consistent with witness statements regarding his routine drug dealing.

Collins' own statements on the issue of drug weight have been inconsistent over successive iterations of the PSR.   In his initial objections to the PSR, Collins recalled telling government agents that he was receiving one gram of heroin and/or methamphetamine per day, for a total of 30 grams. He

argued that this drug weight, resulting in a base offense level of 18, would be most consistent with amounts distributed during his several controlled buys. PSR, ECF No. 136, at 37.

In his second set of objections to the PSR, Collins argued that he was involved not in daily acquisitions of narcotics but in four transactions involving a quarter-ounce of methamphetamine, for a total of one ounce.   PSR, ECF No. 136, at 43.   On this assertion, Collins claimed that his base offense level should be 15 rather than the level 18 for which he argued initially.   *Id.*   These inconsistent arguments were further at odds with his admissions during a voluntary, post-arrest interview, in which he admitted to obtaining four ounces of methamphetamine for distribution.[4]   PSR ¶ 37.   Collins cannot establish any error of constitutional magnitude with respect to drug weight on these facts, particularly given the Court's conservative estimate of such weight and ultimate sentence.

 Counsel's representation of Collins was effective under the *Strickland* test.   Collins argues that he was denied effective assistance of counsel on numerous grounds.   His arguments are without merit for the reasons discussed below.

To prove ineffectiveness, Collins must satisfy the two-pronged performance/prejudice test outlined in *Strickland v. Washington*.   466 U.S. 668 (1984).   First, he must prove that his attorney's representation fell below "an objective standard of reasonableness." *Strickland* at 687-91. Whether counsel's representation "fell below an objective standard of reasonableness" under the first prong of the *Strickland* test is measured by reference to prevailing professional norms. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland*, 466 U.S. at 688).   In making this determination, there is a strong

---

[4]  For the reasons set forth above, Collins cannot establish ineffective assistance of counsel with respect to these sentencing issues. Collins would have to meet the familiar *Strickland* test to establish constitutionally ineffective performance. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). If he cannot prove prejudice under the second prong of *Strickland*, the reviewing court "need not even consider the performance prong."   *Fields v. Atty. Gen. of Md.,* 956 F.2d 1290, 1297 (4th Cir. 1992). Collins cannot establish prejudice for the reasons outlined above.

presumption that counsel's performance fell within the wide range of reasonableness.   *Strickland*, 466 U.S. at 689.

To establish prejudice under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Strickland,* 466 U.S. at 694.   A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome."   *Id*.   The Fourth Circuit has found that "the defendant bears the burden of proving the *Strickland* prejudice," *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir.), *cert.denied*, 506 U.S. 885 (1992), and that absent the defendant meeting this burden, a reviewing court need not consider the performance prong."   *Id*.

Several of Collins' assertions about his attorney are unsupported by the record.   He argues, for example, that his attorney stipulated to drug weight without argument, which "was and is a decision for the district court, which according to the plea is and was an argument to be had at sentencing."   ECF No. 172 at 13. In fact, his attorney argued for a lower drug weight in multiple sets of objections to the PSR and in the defense sentencing memorandum.   ECF Nos. 115, 121, 137.   In the same vein, he argues that his attorney withdrew his objections to the PSR, when the objections are clearly laid out in successive versions of the PSR.   He alleges that his attorney failed to file a requested motion to suppress, although a motion to suppress was fully briefed and argued at an evidentiary hearing, along with a motion by defense counsel for a competency evaluation.    ECF Nos. 80, 81, 86, 89.   He chides his attorney's failure to request footage of his interviews by motion although a Rule 16 motion had been filed by an earlier attorney in the case, and Collins acknowledged that footage of his interview had been

produced in discovery. ECF Nos. 45, 122.   The Court may reject these issues out of hand, as Collins offers no evidence to contradict what the record plainly shows.[5]

Collins likewise alleges that his counsel was ineffective for failing to raise arguments during the that would have been futile.   "It is axiomatic that if the claim or claims that counsel failed to raise are devoid of legal merit, a defendant suffers no prejudice and cannot establish a claim of ineffective assistance of counsel."   *U.S. v. Duggan,* No. 3:08-CR-854-JFA, 2013 WL 1344149, at *1 (D.S.C. Apr. 2, 2013).   It would have been frivolous for defense counsel to challenge the indictment in this case, as Collins alleges he should have done.

Collins suggests that his attorney should have moved to strike the indictment because his relevant conduct drug weight was not presented to the grand jury.   He misunderstands the law. Pursuant to Federal Rule of Criminal Procedure 7(c), an indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."   Fed. R. Crim. Proc. 7(c).   Collins was charged in Counts One through Three of distributing a measurable quantity of heroin on or about specific dates.   Relevant conduct for purposes of sentencing is a separate matter. The issue at the point of indictment is whether the grand jurors found probable cause to believe Collins had committed each element of the distribution offenses with which he was charged.   Collins' attorney

---

[5] Collins similarly argues that his counsel was ineffective for failing to address alleged prosecutorial misconduct in an unrelated case.   This bare allegation, unsupported by any facts, is insufficient to establish a violation of his due process rights in the instant matter, or related ineffective assistance of counsel. A defendant may establish constitutional error in certain cases by proving an instance of prosecutorial misconduct amounting to a violation of his due process rights. *Humphries v. Ozmint,* 397 F.3d 206, 218 (4th Cir. 2005). A court analyzing such claims "must consider the challenged conduct in relation to the proceeding as a whole." *Id.*   The analysis is dependent upon a number of factors, including the nature of the misconduct, the extent of the alleged misconduct, whether a curative instruction was given, whether defense conduct invited the improper response from the prosecutor, and the weight of the evidence. *Id.*   In this instance, Collins claims he would have proceeded to trial if his attorney had advised him of alleged prosecutorial misconduct in an unrelated matter. However, he does not allege, and provides no evidence of, prosecutorial misconduct in his own case.   The allegation accordingly may be dismissed.

was not ineffective for failing to challenge the indictment, as each distribution charge tracked the relevant statutory language in a manner consistent with Rule 7(c).

Collins similarly argues that his counsel failed to raise at sentencing the fact that he did not sign the Government's factual proffer at the change of plea hearing. The Government interprets this allegation as a component of his argument regarding drug weight at sentencing, and should be dismissed. It is well-established that a trial court does not have to rely on the Rule 11 colloquy in determining sufficiency of the factual basis for a guilty plea. *United States v. Barham,* 408 Fed. Appx. 739, 740 (4th Cir. 2011).   It "may conclude that a factual basis exists from anything that exists in the record."   *United States v. Ketchum,* 550 F.3d 363, 366-67 (4th Cir. 2008).   Thus, defense counsel would not be ineffective for failing to point out at sentencing that the defendant had not signed the factual basis, so long as the court was subjectively satisfied there was a sufficient basis for each element of the offense to which the defendant pleaded.   This is evident from the record, as the Court accepted the plea agreement and Collins' plea following the factual proffer by the Government at the plea hearing.   Collins does not contest his guilt of this offense in the instant petition, and provides no evidence to suggest there was insufficient evidence in the record to support his guilty plea.   He suggests instead that his attorney should have raised the issue as a component of argument in connection with sentencing. He cannot meet the *Strickland* standard on this basis, however, for the reasons set forth previously in this memorandum; namely, that prejudice is lacking because Collins was sentenced based on a markedly conservative estimate of drug weight, and unaffected by any statutory maximum sentence applicable to the count of conviction.

Finally, Collins argues that his attorney failed to appeal the Court's adverse decision on his motion to suppress.[6]   Specifically, he alleges that counsel did not "appeal the court's ruling on the motion to suppress or have a frank's hearing.   I specifically requested for this to be done prior to the plea colloquy."   ECF No. 172 at 14.   Collins has provided no evidence or facts to support his assertion that he requested his attorney to file an appeal.

Failure to consult a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want an appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing" is a violation of a "constitutionally imposed duty."   *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).   This is true even if the defendant waived his right to appeal, and regardless whether the issues for appeal were meritorious.   *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Peak*, 992 F.2d 39, 41 (4th Cir.1993).

The failure to file a notice of appeal may be *per se* ineffective when the request to note an appeal was unequivocal.   *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).   But such is not the case here, and the failure to consult with the defendant about an appeal is not, as a constitutional matter, unreasonable in every case.   *Roe v. Flores-Ortega,* 528 U.S. at 479.

There is nothing in the record before the Court to suggest that Collins would have wanted to pursue an appeal or that he, in fact, requested to do so.   Nor is there evidence that the request was made, in which case there may be no need for unnecessary intrusion into the attorney-client relationship. Nonetheless, the Government acknowledges that hearings often are required in cases involving an

---

[6] Collins also argues that his attorney was ineffective for failing to appeal the sentencing, but this allegation may be dismissed out of hand as he does not allege that he instructed his attorney to file a notice of appeal, and there is no other evidence in the record to suggest that he made any such request.   In the absence of an assertion that he specifically instructed his attorney to file a notice of appeal, the Court need not consider whether his attorney was ineffective for failing to file one.

alleged failure to note an appeal.   The Government will file a motion to waive attorney-client privilege on this issue should the Court determine that an evidentiary hearing on this issue is warranted, and understands that defense counsel would be prepared to testify.

CONCLUSION

The allegations in Collins' petition lack a factual basis and are unsupported. Finding no root in the record of this case, they should be summarily dismissed without the necessity of a hearing.

To the extent the Court finds evidence in the record to support Collins' assertion regarding the requested appeal, the Government respectfully requests that the Court dismiss each of Collins' claims with prejudice for the reasons set forth herein, save his claim regarding the failure to note an appeal, and to consider limiting any hearing to that single issue.

Respectfully submitted,

DANIEL P. BUBAR
Acting United States Attorney

/s/ Kari K. Munro
Virginia Bar No. 65770
Assistant United States Attorney
U.S. Attorney's Office
310 First Street, Suite 906
Roanoke, Virginia 24011
(540) 857-2250

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2021, I caused the foregoing to be electronically filed with the

Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and I

hereby certify that I also caused the document to be submitted for mailing by United States Postal

Service to the following non-CM/ECF participant:

Bobby Nelson Collins, Jr.
No. 06311-084
Federal Correctional Institution
PO Box 1000
Cumberland, MD 21501

/s/ Kari K. Munro
Assistant United States Attorney

18