IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Clerk, United States District Court

For the Western District of Virginia

210 Franklin Road, Room 540

Roanoke, Virginia 24011

Dist. No. 7:17CR33

CLERK'S OFFICE U.S. DIST. COURT
AUGUST 13, 2021 AT ROANOKE, VA
FILED

AUG 19 2021

JULIA C. DUDLEY, CLERK
BY: ABeeson
DEPUTY CLERK

Supplement Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. 2255

RE: United States v. Bobby Nelson Collins, Jr. Dist. No. 7:17CR33

The above captioned defendant, hereby submits a supplement motion under 28 U.S.C. 2255 to vacate, set aside or correct sentence. For the reasons set forth below, the defendant's motion should be granted.

On July 28, 2021, the Government filed a motion to dismiss the defendant's 2255 motion. The Government does not provide a brief, therefore making it extremely difficult to provide an accurate rebuttal.

On July 29, 2021, this court allowed the defendant 21 days to contradict, explain or avoid the Government's evidence. The defendant files a timely response.

On April 4, 2018, the defendant entered into a plea agreement with the Government. He ultimately plead guilty to Count Three of the Indictment, of violating 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(c). The Plea Agreement stipulates that the defendant waives certain rights, such as the right to a speedy trial, right to a jury trial, right to confront any witness's against him, etc. The Government also stipulates that he waives his right to any collateral attacks. The Government breached this agreement by entering into such agreement when the assigned prosecutor was under investigation in another

case that she was prosecuting in the Western District of Virginia. The assigned prosecutor allowed a law enforcement official to have an relationship with a witness and did not disclose this investigation status to his defense counsel.

Courts conduct a two part inquiry when reviewing prosecutorial conduct. They first review the propriety of prosecutorial conduct de novo:[1] 1) the severity of the misconduct; 2) the effect of any curative instructions given; and 3) the strength of the evidence supporting the defendant's conviction. A court evaluates the seriousness of misconduct, including whether the prosecutor's misconduct was deliberate or accidental. In this case, the prosecutor was practicing law while being investigated while prosecuting another case. Withholding information such as this was deliberate and breached this plea agreement. The Government has a duty and obligation to disclose critical information such as this.

The party claiming breach of a plea agreement must prove the breach by a preponderance of the evidence. Due process requires that the agreement be interpreted in keeping with the defendant's reasonable understanding, and that any ambiguity be construed against the Government.

Prior to the plea colloquy, the defendant requested a Frank's hearing. Defense counsel refused to appeal the District's Court ruling in suppressing any evidence. The search warrant was based on unreliable information. Law enforcement recklessly included a summary of empirical data[2] that was objectively false. The defendant instructed his defense counsel to appeal the District Court's ruling concerning this issue. Defense counsel refused to do so. Under McCoy v. Louisiana, 138 S.Ct. 1500 (2018), defense counsel is obligated to put on a defense as the defendant wishes, no matter of the outcome. If defense counsel fails to do so, then its grounds for ineffective assistance of counsel.

---

[1] See United States v. Burns (Western Dist. of VA)

[2] See Franks v. Delaware (1978) 438 U.S. 154

2

Defense counsel failed to investigate key witnesses in this case. This prejudiced the defendant because the witnesses could of contradicted the government's case. The defendant instructed his defense counsel to investigate and call these key witnesses to testify on his behalf. Defense counsel's failure rendered him ineffective under McCoy, 138 S. Ct. 1500 (2018).

The Sixth Amendment's Confrontation Clause provides a defendant the right to directly confront adverse witnesses, the right to cross examine adverse witnesses and the right to be present at any stage of the criminal proceedings against him.[3] Defense counsel refused to take this case to trial after the defendant instructed him to take it to trial. The defendant was prejudiced in this matter because counsel failed to investigate and attempt to impeach government's witnesses.[4]

A defendant has the legal right to challenge his statue of conviction regardless if a plea agreement is in place or not.[5] When the district court sentenced the defendant for violating 21 U.S.C. 841 (b)(1)(c) and 21 U.S.C. 841 (a)(1), it is being challenged on the substantive unreasonableness. The sentence was greater than necessary. This inquiry determines if the length of sentence conforms with the sentencing goals set forth in 18 U.S.C. 3553 (a). Defense counsel never challenged the 3553 (a) factors or the statue of conviction. This would render counsel ineffective.

A revised First Step Act (FSA) is currently in Congress. If passed the mandatory minimums and sentencing guidelines would change for defendants who were convicted of drug trafficking under 21 U.S.C. 841. The mandatory minimums would be eliminated.

---

[3] See Delaware v. Fensterer (1985) 474 U.S. 15, 20
[4] See Grant v. Lockett, 709 F. 3d 224, 238 (3d. Cir. 2013)
[5] See Class v. United States (2018), 583 U.S. 138 S. Ct. 200

Defense counsel never argued the Miranda violations[6]. A defendant must be warned prior to any questioning. Law enforcement who deliberately hold off Miranda warnings and than having the suspect confess can't salvage their case by giving the warnings and than having the suspect repeat the confession[7]. This is what happened in this case. A reasonable attorney would of moved for a suppression based on this claim. Therefore, making counsel ineffective.

The defendant argues that defense counsel never raised objections to his Presentence Report (PSR). Defense counsel withdrew objections without the permission of the defendant. These objections are on record with the district. When defense counsel withdraws objections without consulting with his client, that alone renders counsel ineffective.

The actual drug weight in this matter was supposed to be heard at sentencing. In accordance with the plea agreement. Defense counsel never brought this issue to attention and the government failed to comply with the plea agreement.

Defense counsel instructed the defendant to plead guilty, if so, he would receive no more than sixty months of imprisonment. If he didn't plead guilty, he would of received 30 years imprisonment. The defendant was coerced into pleading guilty.

These arguments are based on ineffective assistance of counsel claims pursuant to McCoy v. Louisiana (2018), 138 S.Ct. 1500.

---

[6] See Miranda v. Arizona (1966) 384 U.S. 436, 479
[7] See Reyes v. Lewis, 2016 BL 266420, 9th Cir. No. 12-56650

4

For the reasons set forth in this supplemental brief, the defendant respectfully petitions this court to grant his 2255 motion.

_____ Reg. No. 06341-084

August 13, 2021
_____
(Date)

CERTIFICATE OF SERVICE

I CERTIFY THAT ON AUGUST 13, 2021 I MAILED THIS ORIGINAL SUPPLEMENTAL MOTION VIA FIRST CLASS MAIL TO THE FOLLOWING PARTY AT THE ADDRESS LISTED BELOW:

CLERK, UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
210 FRANKLIN ROAD, ROOM 540
ROANOKE, VIRGINIA 24011

I CERTIFY THAT THIS MOTION WERE GIVEN TO PRISON OFFICIALS ON AUGUST 13, 2021 FOR FORWARDING. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. 28 U.S.C. 1746

_____ REG. NO. 06311-084

_August 13, 2021_
(DATE)

Boby Collins #06311-084
Federal Corrections Institute
P.O. Box 1000
Cumberland, Md
    21501


United
   Off
  210
  Roa

 

Baltimore P&DC 212
TUE 17 AUG 2021 AM

received
FCI CUM
Mailroom

States District Court
ice of the Clerk
Franklin Rd. RM 540
noke, Va.
24011