IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:17-cr-00033-01 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BOBBY NELSON COLLINS, JR. ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Bobby Nelson Collins moved for appointment of counsel to pursue a compassionate release motion pursuant to the First Step Act. (Dkt. No. 157.) The court granted this motion, appointed the federal public defender (FPD) to represent Collins, and set forth a briefing schedule. (Dkt. No. 158.) Acting pro se, Collins filed a supplemental motion for compassionate release on January 25, 2021. (Dkt. No. 161.) The government filed a response to the motion on February 9, 2021. (Dkt. No. 165.) Collins filed another supplement to his motion on April 5, 2021. (Dkt. No. 174.) The government filed supplemental responses on June 14 and 23, 2021. (Dkt. Nos. 182, 189.) The federal public defender has not filed any pleadings or motions on behalf of Collins.

The court finds that no hearing on the motion is necessary and, for the reasons stated below, will deny Collins' motion.

I. BACKGROUND

In 2017, Collins was indicted on four counts alleging distribution and possession of a firearm in furtherance of drug trafficking. (Presentence Report (PSR) ¶ 2, Dkt. No. 136.) He pleaded guilty to a single count of heroin distribution. On March 9, 2020, Collins was sentenced to 144 months of incarceration and six years of supervised release. This was a downward variance from his guideline range of 188–235 months. (PSR ¶ 131.)

Collins is 45 years old. He is detained at FCI Cumberland and is scheduled to be released in May 2027. Collins' medical conditions include obesity, borderline hypertension (which has improved with a recent medication change), and asymptomatic viral Hepatitis C. (Dkt. No. 168-1.) On February 25, 2021, Collins refused the COVID-19 vaccine. (Dkt. Nos. 182-1, 185.)

## II.  ANALYSIS

**A.  Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the court must consider the applicable factors set forth in section 3553(a) and the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). Therefore, a court may "consider *any* extraordinary and compelling reason for

2

release that a defendant might raise." *McCoy*, 981 F.3d at 284.  While the Sentencing Commission Policy Statement in section 1B1.13 is not dispositive, it "remains helpful guidance," *id*. at 282 n.7.

Because section 1B1.13 provides guidance and the Fourth Circuit has noted that it provides examples and, at least in the medical context, defines "the same substantive term that applies to BOP-filed motions," *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court notes the guidance from that section.  Section 1B1.13, regarding medical conditions, notes terminal illness and conditions from which a defendant is not expected to recover that substantially diminish defendant's ability to care for himself in a correctional facility (including serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process).  Of course, this guidance is not controlling.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)).  Compassionate release is "an extraordinary and rare event."  *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t).

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Collins acknowledges that he has not satisfied the exhaustion.  Even if Collins had met the

3

exhaustion requirement, his motion can be denied for the reasons stated in the balance of this opinion.

## C. Extraordinary and Compelling Reasons

The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021).

Collins argues he has a particularized susceptibility to COVID-19 because he is obese and suffers from hypertension, high cholesterol, and liver disease. The court recognizes that at lease one of Collins' conditions (obesity) subjects him to an increase risk of severe illness, including death, from COVID-19. However, "the fact that [a defendant] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, that extraordinary and compelling reasons justify the reduction of his sentence." *United States of America v. Matthew Williams*, No. CR 15-471-3, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020) (citing *United States v. D'Ambrosio*, No. 15-3, 2020 WL 4260761, at *4–5 (M.D. Pa. July 24, 2020)). The court must also look at whether Collins has a particularized risk of contracting COVID-19 in prison. A hypothetical possibility, however, is insufficient to show a particularized risk of contracting COVID-19 at FCI Cumberland.

Currently, FCI Cumberland has one inmate and two staff members who have tested

4

positive for COVID-19.[1]  Thus, it appears that the extensive COVID-19 measures taken by the Bureau of Prisons are working at FCI Cumberland.  For measures, *see* https://www.bop.gov/resources/news/2020313_covid-19.jsp (last visited Oct. 27, 2021).

Furthermore, FCI Cumberland has vaccinated about 86% of its inmates.[2]  While the court appreciates Collins' concern about contracting COVID-19 in prison, he has not shown he has a particularized risk of contracting the virus at Cumberland.  Additionally, the court questions Collins' level of concern given the fact that he has refused the COVID-19 vaccine.  As noted above, Collins has refused the COVID-19 vaccine because he fears its side effects.  Many courts have found that an inmate who declines a vaccine, that has been determined to be highly effective, and for whom the vaccine is not medically contraindicated, generally cannot establish an extraordinary and compelling for compassionate release and/or that such refusal is contrary to an assertion that one is at risk.  *See, e.g.*, *United States v. Kirkman*, No. 5:17-CR-220-D, 2021 WL 4891076, at *3 (E.D.N.C. Oct. 19, 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.")); United States v. Lovelace, No. ELH-18-623, 2021 WL 4820533, at *13 (D. Md. Oct. 14, 2021); *United States v. Copeland*, No. 6:18-cr-00376-DCC-1, 2021 WL 2349751, at *2 (D.S.C. Jun. 9, 2021); *United States v. Baeza-Vargas*, No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19

---

[1] *See* https://www.bop.gov/coronavirus/ (last visited Oct. 27, 2021).

[2] Currently, 905 of 1045 inmates at FCI Cumberland have been vaccinated.  *See* https://www.bop.gov/coronavirus/ (last visited Oct. 27, 2021).

vaccination weighs against a finding of extraordinary and compelling circumstances.").

As noted above, Collins has not shown an extraordinary and compelling reason for compassionate release, and because he has not met this threshold, the court need not consider the sentencing factors.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Collins' motion for compassionate release (Dkt. No. 161, as supplemented in Dkt. No. 174) is DENIED.  The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: October 27, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge