IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:17-cr-00033-01 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BOBBY NELSON COLLINS, JR. ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Bobby Nelson Collins has moved for relief from his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 172.) With leave of court, Collins filed a supplement to his motion on June 28, 2021. (Dkt. Nos. 190, 193.)[1] The government moved to dismiss (Dkt. No. 196), and Collins filed a response to the government's motion (Dkt. No. 199).[2]

The court finds that a hearing is required on Collins' claim that his attorney failed to appeal the court's adverse decision on his motion to suppress. In all other respects, no hearing on the motion is necessary. For the reasons stated below, the court will take Collins' motion under advisement on his claim that his attorney was ineffective for not appealing the court's suppression ruling and deny Collins' motion in all other respects.

I. BACKGROUND

Between February 10 and February 15, 2017, investigators made three controlled purchases of heroin from Collins in the City of Roanoke. Collins was indicted on four counts alleging distribution and possession of a firearm in furtherance of drug trafficking. (Presentence Report (PSR) ¶ 2, Dkt. No. 136.) He pleaded guilty to a single count of heroin distribution, which corresponded to the sale made on February 15, 2017.

---

[1] The court denied a subsequent motion for leave to supplement. (Dkt. Nos. 194, 195.)

[2] The court notes that Collins' response was also separately docketed as a Supplemental Motion to Vacate. (Dkt. No. 198.)

Before pleading guilty, Collins moved to suppress evidence seized in relation to a search of a hotel room registered in Collins' name because Collins did not consent to the search. (Dkt. No. 80.) The court denied this motion on March 20, 2018. (Dkt. No. 89.)

Because of his criminal conviction history, the plea agreement contemplated that Collins might be a career offender under the sentencing guidelines. The parties ultimately agreed that he was not due to the holding in *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2019). Even so, Collins stipulated that he received final convictions for two potentially qualifying predicates under 21 U.S.C. § 851, both consisting of conspiracy to possess with the intent to distribute controlled substances: one prior federal drug conviction and one state conviction. (Dkt. No. 95 at 3.)

Collins stipulated and agreed in the plea agreement that "all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing." (Dkt. No. 95 at 3.) Collins also waived his right to appeal and to collaterally attack his sentence on any ground other than ineffective assistance of counsel. (*Id.* at 9.) Collins confirmed these plea terms at his guilty plea hearing on April 11, 2018. The appellate waiver in his plea agreement states as follows:

> Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any other ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law. I understand the United States expressly reserves all of its rights to appeal. I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance

>  of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.

(*Id.*)

At sentencing, Collins' criminal history score was 17, resulting in a criminal history category of VI. The guideline range after acceptance of responsibility was 130–162 months. On March 9, 2020, Collins was sentenced to 144 months of incarceration and six years of supervised release. Collins is detained at FCI Cumberland and is scheduled to be released in 2027.[3]

In his § 2255 motion, Collins alleges that the court erred at sentencing, that his counsel was ineffective, and that there was prosecutorial misconduct.

## II.  ANALYSIS

### A.  Section 2255

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). Because Collins is a pro se litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The scope of a collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 578 U.S. 488, 519

---

[3] The court denied Collins' motion for compassionate release on October 27, 2021. (Dkt. No. 200.)

(2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). The record in this case conclusively establishes that Collins is not entitled to relief on all of Collins' claims except the claim that his attorney failed to appeal the court's suppression ruling. In all other respects, the court may address the motion without an evidentiary hearing. The issues involve questions of law, and there are no disputed facts.

**B. Sentencing Errors**

Collins argues that the court erred at sentencing by (1) accepting probation's assessment of drug weight, without accounting for what he claims was an unspecified amount of personal use narcotics, and (2) finding that he was subject to a statutory maximum sentence of 30 years' incarceration and six years of supervised release on count three, based on one or more predicate convictions, rather than a term of 20 years and three years of supervised release.

First, Collins procedurally defaulted these claims by not raising them on direct appeal. Collins' failure to raise his claims of sentencing error on appeal is a procedural default even though he was expressly precluded from filing a direct appeal by his plea agreement. *See Jones v. United States*, 2016 WL 1367151, at *3 (E.D. Va. Apr. 5, 2016) (explaining that "errors by the sentencing court in the application of the sentencing guidelines should have been raised on direct

appeal"; "cannot be raised in a § 2255 proceeding absent extraordinary circumstances"; and failing to raise the issue on direct appeal is considered a procedural default even where the defendant has waived his right to appeal in his plea agreement). Collins has not established cause or prejudice for his procedural default. His plea agreement barring direct appeal is not "cause" justifying collateral review. *See id.* (citing *United States v. Pipitone*, 67 F.3d 34, 37–38 (2d Cir. 1995)).

Second, even if not procedurally defaulted, claims of sentencing error are rarely cognizable on collateral review. Section 2255 "does not allow for a court's consideration and correction of every alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). If an alleged sentencing error is "neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* Collins cannot meet this standard because his argument does not present a constitutional or jurisdictional issue. Further, he was sentenced to 144 months (12 years), which makes the distinction between a 20-year maximum sentence and a 30-year maximum sentence irrelevant.

For both of these reasons, Collins cannot obtain relief under § 2255 for the alleged errors at sentencing.

### C. Ineffective Assistance of Counsel[4]

Criminal defendants have a Sixth Amendment right to assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). To prevail on a claim of ineffective assistance of counsel, a party must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for the counsel's error, the

---

[4] Defendant did not waive the right to pursue a collateral attack based on ineffective assistance of counsel.

result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To establish deficient performance, it must be shown that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth amendment." *Harrison v. Richter*, 562 U.S. 86, 104 (2011). Courts must apply a "strong presumption that counsel's representation is within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Courts generally show a marked reluctance to accept counsel's "tactical decision" as evidence of ineffective assistance. *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. "Even under de novo review, the standard for judging counsel's representation is a most deferential one." *Harrington*, 562 U.S. at 105. The question is whether counsel's representation amounted to "unreasonableness under prevailing professional norms" rather than whether it deviated from best practice or the common custom. *Strickland*, 466 U.S. at 689.

Collins presents a laundry list of complaints about his attorney. Most of these are perfunctory and undeveloped arguments. (Dkt. No. 172 at 13–15.) The court is not required to address such claims. *See, e.g.*, *Salem v. United States*, No. 12 C 100, 2012 WL 1598053, at *5 (N.D. Ill. May 3, 2012) ("Apart from merely listing his complaints, Salem's arguments are not developed. Therefore, the Court does not address them.") (citing *United States v. Martinez*, 69 F.3d 1049, 1053 (7th Cir. 1999)). The conduct Collins complains about are strategic choices that are reasonable and within the realm of professional norms. For example, Collins argues that his

attorney should have moved to strike the indictment because his relevant conduct drug weight was not presented to the grand jury. An indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). Relevant conduct for sentencing purposes is a separate matter. Other claims are not supported by the record, including Collins' claim that his attorney did not request footage of his interviews with law enforcement. Collins acknowledged that an earlier attorney filed a Rule 16 motion and that the footage of his interview had been produced in discovery. (Dkt. Nos. 45, 122.) Finally, setting aside the issue of deficient performance, Collins cannot establish prejudice on any of his claims. For example, many of his claims relate to the drug weight issue, discussed above, but there can no prejudice on those claims because his sentence was well below the statutory 20- and 30-year statutory maximums.

There is one exception, however, as the government concedes: Collins' claim that his attorney did not appeal the court's ruling on his motion to suppress. The failure to file a notice of appeal is per se ineffective when the request to note an appeal was unequivocal. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). This is true even if the defendant waived his right to appeal. *Id.* at 41; *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). The government argues that there is nothing in the record to suggest that Collins would have wanted to pursue an appeal or that he in fact requested to do so. However, in Collins' response to the government's motion, Collins elaborates that "prior to the plea colloquy, the defendant requested a Franks hearing. Defense counsel refused to appeal the district court ruling in suppressing any evidence." (Dkt. No. 199 at 2.) This is not perfectly clear but is enough to raise an inference that Collins wanted to appeal and would have wanted to appeal when it was time to appeal after he was sentenced. Thus, the court needs to hold a hearing on the alleged failure to note an

appeal. The government states that it will file a motion to waive attorney-client privilege on this issue.

**D. Prosecutorial Misconduct**

It is difficult to comprehend or logically follow Collins' various claims of prosecutorial misconduct. However, like Collins' claims of sentencing error, any claims of prosecutorial misconduct are waived by the plea agreement and procedurally defaulted. *See, e.g.*, *United States v. Brown*, Criminal Action No. 5:17-CR-65-DCR-1, 2019 WL 7899166, at *3–6 (E.D. Kent. Dec. 20, 2019) (finding claims of prosecutorial misconduct waived by plea agreement and barred in § 2255 action as procedurally defaulted).

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Collins' motion for relief pursuant to § 2255 (Dkt. No. 172) and the government's motion to dismiss (Dkt. No. 196) are TAKEN UNDER ADVISEMENT IN PART with respect to Collins' claim that his attorney was ineffective for not appealing the court's denial of his motion to suppress.[5]

It is FURTHER ORDERED that the Federal Public Defender (FPD) is APPOINTED to represent Collins for purposes of an evidentiary hearing on Collins' claim that his attorney was ineffective for not appealing the court's denial of his motion to suppress. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Counsel for the government and for Collins are ORDERED to meet and confer and to contact the court's chambers within fourteen days to schedule a hearing in this case.

---

[5] Following resolution of this ineffective assistance of counsel claim, the court will issue an appropriate order denying Collins' motion and granting the government's motion in all other respects.

The clerk is directed to provide a copy of this order to Collins and to all counsel of record.

Entered: June 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge