IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:17-cr-00033-01 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| BOBBY NELSON COLLINS, JR. | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On December 21, 2022, the court issued an opinion and order granting the government's motion to dismiss Bobby Collins' motion for relief pursuant to 28 U.S.C. § 2255, denying Collins' § 2255 motion, declining to issue a certificate of appealability, and entering final judgment.  (Dkt. Nos. 236, 237.)  Collins moves to alter or amend the judgment.  (Dkt. No. 238.)

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) can be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Johnson v. Azar*, Case No.: GJH-20-2091, 2023 WL 1070466, at *1 (D. Md. Jan. 27, 2023) (citing *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992)).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.*

Collins argues that the court erred in declining to issue a certificate of appealability, which can issue only if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Collins maintains that the court should have issued a certificate because of the conflicting testimony at the evidentiary hearing, with Collins testifying that he asked his lawyer, James Turk, to file a notice of appeal, and Turk testifying that Collins did not make such a request.  Specifically, Collins notes his "clear request" to appeal at

the suppression hearing, which Mr. Turk did not refute or rebut. (*See* 10/28/22 Evid. Hr'g Tr. 16, 45, Dkt. No. 234.) The court accounted for this request in its reasoning, noting that Collins "may have desired to appeal the suppression issue when the ruling went against him, but the evidence suggests that he understood the waiver of his right to appeal encompassed by his plea agreement, and he did not ask Turk to appeal following the acceptance of that plea agreement and the imposition of his sentence." (Dkt. No. 236 at 8.)

Collins also argues that the court was implicitly biased in favor of Turk's testimony because of the "long and extensive professional history with Mr. Turk and his family" of the undersigned. (Dkt. No. 238 at 4.) He asserts that this history includes having been a colleague of Turk's late father, the Honorable James C. Turk; Turk's daughter previously working in the chambers of the undersigned as a judicial intern; and Turk's son clerking at the time of the evidentiary hearing for another judge in this district. Collins is mistaken as to most of the above history given that the undersigned understands that Turk has no sons and that the undersigned was not on the bench during the tenure of the Honorable James C. Turk but was merely one of the many attorneys who appeared before him. Nonetheless, these relationships did not affect the court's analysis of the evidence or the law in this case.

Finally, Collins argues that a certificate of appealability should issue as to equitably tolling the time to appeal. The court found that Collins' equitable tolling argument was "foreclosed by the Fourth Circuit's holding that the deadline to file an appeal in a criminal case, *see* Fed. R. App. P. 4(b), is a 'mandatory claim-processing rule that must be strictly applied . . . and equitable doctrines are unavailable to extend the deadline.'" (Dkt. No. 236 at 9 (quoting *United States v. Marsh*, 944 F.3d 524, 527 (4th Cir. 2019).) Collins now notes the Fourth Circuit's recognition in *Marsh* that the Supreme Court "has left open the question of whether

2

some form of the unique circumstances exception might continue to apply to nonjurisdictional but mandatory claim-processing rules like Rule 4(b) . . . ." 944 F.3d at 533. Collins argued that the appeal deadline should be equitably tolled, not that the time to appeal should be extended pursuant to the "unique circumstances" doctrine. *See id.* at 531 (explaining that the unique circumstances doctrine is a "different equitable doctrine" than equitable tolling). In any event, as the court explained in its order, there would be "nothing to salvage" under either doctrine. (Dkt. No. 236 at 9.) "Collins did not try, and thus was not thwarted by COVID-19 in any attempt, to pursue an appeal following his sentencing." (*Id.*)

For these reasons, Collins' motion to alter or amend the judgment (Dkt. No. 238) is DENIED. The clerk of court is directed to transmit a copy of this order to all counsel of record.

Entered: February 10, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge